# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHAROB ABDUL-AZIZ,** | **Civil Action No. 20-10265 (SDW)** |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **MARCUS O. HICKS, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1. On or about August 10, 2020, Plaintiff Sharob Abdul-Aziz, a convicted state prisoner, filed a civil rights complaint raising claims pursuant to 42 U.S.C. § 1983 against various prison officials in relation to injuries he sustained while riding in a prison transport van.  (ECF No. 1).

2. On September 15, 2020, this Court screened that complaint and permitted Plaintiff's Eighth Amendment deliberate indifference medical claims under 42 U.S.C. § 1983 to proceed against the three John Doe Defendants and dismissed the remaining claims without prejudice.  (*Id.*).

3. On or about October 13, 2020,  this Court received a proposed amended complaint from Plaintiff.  (ECF No. 7).   By Order dated January 5, 2021, this Court screened Plaintiff's amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. As to Defendant Marcus O. Hicks ("Defendant Hicks"), Acting Commissioner of the New Jersey Department of Corrections ("NJDOC"), this Court dismissed the Eighth Amendment deliberate indifference medical claims without prejudice for failure to state a claim of supervisory liability under 42 U.S.C. § 1983. (ECF 8).

4.  On February 19, 2021, Plaintiff filed an amended complaint ("Second Amended Complaint") (ECF 11).  By Order dated April 15, 2021, this Court screened Plaintiff's second amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  As to Defendant Hicks, this Court:  (1) dismissed the Eighth Amendment deliberate indifference medical claims under 42 U.S.C. § 1983 without prejudice for failure to state a claim of supervisory liability, (2) after construing the second amended complaint to allege a Rehabilitation Act claim against Defendant Hicks, dismissed the claim for failure to state a claim; and (3) permitted Plaintiff's Title II ADA claim to proceed against the NJDOC as the real party in interest, and directed the Clerk to add the NJDOC to the caption as a defendant.  (ECF 12).

5.  This matter comes before this Court upon the motion to dismiss by NJDOC and Former Acting Commissioner Marcus O. Hicks (collectively the "State Defendants").  (Mot. to Dismiss, ECF 22).  In their motion, the State Defendants seek:  (1) to dismiss with prejudice all § 1983 claims for monetary damages against NJDOC and Defendant Hicks in his official capacity based on Eleventh Amendment immunity; (2) to dismiss with prejudice all claims under the New Jersey Civil Rights Act, ("NJCRA") N.J.S.A. 10:6-1 et seq., against the NJDOC and Defendant Hicks in his official capacity because they are not "persons" amenable to suit under the NJCRA; (3) dismiss with prejudice the claims against Defendant Hicks in his individual capacity under § 1983 and the NJCRA for failure to state a claim.  The State Defendants did not acknowledge that some of these claims were moot because this Court *sua sponte* dismissed the claims upon screening the second amended complaint. (ECF 12). Plaintiff opposed the motion to dismiss, and likewise failed to acknowledge that this Court had already *sua sponte* dismissed his supervisory liability

claims under § 1983 in the second amended complaint, for failure to state a claim. (ECF 25.)[1]

6. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

7. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual

---

[1] Plaintiff raised the following arguments in opposition to the State Defendants' motion to dismiss: (1) the Eleventh Amendment does not bar § 1983 claims for prospective injunctive relief; and (2) Plaintiff did not fail to state a supervisory liability claim against Defendant Hicks. (ECF 25.) Further discussion of Plaintiff's opposition is unnecessary because the State Defendants do not seek to dismiss § 1983 claims for prospective injunctive relief, and this Court previously considered the allegations in the second amended complaint, including the attachment discussed by Plaintiff in his opposition brief, and concluded that Plaintiff failed to state claim of supervisory liability under § 1983 against Defendant Hicks. The State Defendants filed a letter in reply, asserting that their Eleventh Amendment immunity defense is limited to Plaintiff's § 1983 claims for monetary damages, and reiterating that Plaintiff failed to state a supervisory liability claim against Defendant Hicks. (ECF 23).

allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

8.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

9.  The State Defendants' motion to dismiss is moot in part because this Court, by Order dated April 15, 2021, dismissed without prejudice the Eighth Amendment deliberate indifference medical claims against Defendant Hicks under § 1983 and the Rehabilitation Act claim, for failure to state a claim. (ECF 12). Plaintiff did not name the NJDOC as a defendant in the second amended complaint. Instead, this Court construed Plaintiff's Title II ADA claim as alleged against the NJDOC, as the real party in interest, and permitted the claim to proceed. (ECF 12, n. 4.) The State Defendants have not specifically addressed the ADA claim against NJDOC in their motion to dismiss. Insofar as the State Defendants generally

4

seek dismissal of all claims against the NJDOC under the Eleventh Amendment, this Court denies the motion to dismiss the Title II ADA claim based on immunity.   The Third Circuit has held, "Congress acted within its Constitutional authority in abrogating sovereign immunity under Title II of the ADA." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 556 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007).

10. The State Defendants seek dismissal of the deliberate indifference medical claims under the New Jersey Civil Rights Act ("NJCRA") for monetary damages against Defendant Hicks in his official capacity because he is not a person amenable to suit under the NJCRA. This Court will dismiss this claim. *See, Didiano v. Balicki*, 488 F. App'x 634, 638-39 (3d Cir. 2012) (holding a New Jersey state official in his/her official capacity is not a "person" amenable to a suit for damages under NJSA § 10:6–2(c)); *see also, Est. of Lagano v. Bergen Cty. Prosecutor's Off.*, 769 F.3d 850, 856 (3d Cir. 2014) (citations omitted) ("New Jersey district courts have interpreted the NJCRA as having incorporated the Supreme Court's decision in *Will*[2] that, for purposes of § 1983, states and state officials acting in their official capacity are not amenable to suit.)

11. The State Defendants assert that "the NJCRA is essentially the New Jersey state law analogue to 42 U.S.C. § 1983, and, thus, should mirror 1983's princip[les] for supervisory liability.  *See, Perez v. Zagami,* LLC, 90 A.3d 1244, 1252 (N.J. 2014)." (ECF 22-2 at n. 1 at 11.)  This Court construes this assertion as a motion to dismiss the NJCRA claims against Defendant Hicks in his individual capacity for failure to state a claim of supervisory liability.   "To sustain a § 1983 claim, or a NJCRA claim, a plaintiff must show that a

---

[2] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

5

defendant had in place a custom or policy which resulted in constitutional deprivation." *Szemple v. Corr. Med. Servs., Inc.*, 493 F. App'x 238, 241 (3d Cir. 2012) (citing *Stomel v. City of Camden,* 927 A.2d 129 (2007) (citing *Monell v. Dept. of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 (1978)).   For the same reasons this Court *sua sponte* dismissed without prejudice Plaintiff's Eighth Amendment deliberate indifference medical claims under § 1983 against Defendant Hicks in his individual capacity by Order dated April 15, 2021 (ECF 12), this Court grants the State Defendants' motion to dismiss the analogous claims under the NJCRA.   Dismissal is without prejudice because it is not clear that, after discovery, Plaintiff will be unable to allege an Eighth Amendment medical claim of supervisory liability claim against Defendant Hicks under § 1983 or the NJCRA.   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile.")

12.   An appropriate Order follows.

DATE:  <u>January 5, 2022</u>

_____
Hon. Susan D. Wigenton,
United States District Judge