**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHAROB ABDUL-AZIZ,** | Civil Action No. 20-10265 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| **MARCUS O'HICKS, et al.,** | |
| Defendants. | |

**WIGENTON**, District Judge:

This matter comes before this Court upon Plaintiff Sharob Abdul-Aziz's ("Plaintiff") motion for entry of default judgment (ECF No. 33), Defendant Barrington Lynch M.D.'s ("Defendant Lynch") cross-motion to vacate default and for an extension of time to answer, move, or otherwise plead (ECF No. 37), and Plaintiff's opposition to Defendant Lynch's cross-motion to vacate default. (ECF No. 39). Pursuant to Federal Rule of Civil Procedure 78(b), the Court will determine the motions on the briefs, without oral argument. For the following reasons, this Court will deny Plaintiff's motion and grant Defendant Lynch's cross-motion.

**I. PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a prisoner civil rights complaint on or about August 10, 2020. (ECF No. 1). The operative complaint is the second amended complaint, filed on February 19, 2021. (ECF No. 11.) Upon screening the second amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court permitted Plaintiff's deliberate indifference claims to proceed against three John Doe Defendants and Defendant Lynch,

1

based on their alleged refusal to comply with Plaintiff's wheelchair only transport status or refusal to order such status for further medical treatment. (ECF No. 12).

Summons was returned executed as to Defendant Lynch on July 21, 2021, with service on July 13, 2021. (ECF No. 16). On September 20, 2021, Plaintiff filed a motion to hold Defendant Lynch and others in contempt of a subpoena, referring to the service of summons and complaint upon them. (ECF No. 20). On November 30, 2021, this Court denied the motion to hold Defendant Lynch in contempt. (ECF No. 26). On January 18, 2022, Plaintiff requested entry of default against Defendant Lynch, and the Clerk of Court granted the request. (ECF No. 30). On February 27, 2022, Plaintiff filed the instant motion for entry of default judgment against Defendant Lynch. (ECF No. 33). On March 9, 2022, counsel for Defendant Lynch filed a cross-motion to vacate default, and for an extension of time to answer, move, or otherwise plead. (ECF No. 36). Plaintiff filed a brief in opposition to Defendant Lynch's cross-motion on March 22, 2022. (ECF No. 39).

## II. MOTION FOR DEFAULT JUDGMENT AND CROSS MOTION TO VACATE ENTRY OF DEFAULT

### A. Plaintiff's motion for default judgment

Plaintiff, having received the Clerk's entry of default against Defendant Lynch, now seeks default judgment based on Defendant Lynch's failure to timely respond to the summons and complaint, which was served on Defendant Lynch on July 13, 2022, through acceptance of the summons and complaint by Darlene Nichols on his behalf. (ECF No. 33 at 1-2). Plaintiff seeks compensatory damages of $100,000 and punitive damages of $25,000. (*Id.* at 2).

### B. Defendant Lynch's cross-motion to vacate default

Defendant Lynch seeks to vacate the entry of default against him, asserting that the summons and complaint were not properly served on him. (ECF No. 37-4 at 4). The proof service states that process was delivered to "Darlene Nichols, paralegal" who purportedly "accepted on

behalf of the listed party." (ECF No. 16). Lynch submits that Darlene Nichols ("Nichols") was not authorized by appointment or by law to receive service of process on his behalf. (Certification of Barrington Lynch, M.D., ¶ 4 ("Lynch Cert.") ECF No. 37-3). Lynch is employed by Rutgers, and upon information and belief, Nichols is employed by the New Jersey Department of Corrections. (Certification of Barbara A. McManus,[1] ¶¶ 3-4 ("McManus Cert.") ECF No. 37-2). The proof of service does not indicate that Nichols was authorized by appointment or by law to receive service of process on Lynch's behalf. (ECF No. 37-4 at 4). Defendant Lynch maintains that he never authorized Nichols to accept service on his behalf. (Lynch Cert., ¶ 4, ECF No. 37-3 at 4.) He first learned of Plaintiffs lawsuit no earlier than January 20, 2022 when Rutgers provided him with a courtesy copy of the amended complaint. (*Id.*, ¶ 5). Defendant Lynch then submitted a request for indemnification to Rutgers, which in turn retained Norris McLaughlin, P.A. on or about February 24, 2022, to defend this matter on Lynch's behalf. (*Id.*, ¶ 7). Through his counsel, Lynch has agreed to waive service and seeks to vacate entry of default and an extension of time to answer. (Certification of Nicholas F. Pellitta, ¶¶ 12, 15 ("Pellitta Cert.") ECF No. 37-1).

### C. Plaintiff's reply brief

In reply, Plaintiff describes the efforts made to obtain service on Defendant Lynch. (ECF No. 39 at 1.) Service was first attempted in August 2021, at East Jersey State Prison, where Defendant Lynch is known to work. (*Id.*) Karyn Parker Foreman refused to accept service on Defendant Lynch's behalf and directed the process server to University Correctional Healthcare in Trenton, New Jersey, where service on behalf of Defendant Lynch was accepted by Darlene Nichols. (*Id.* at 1-2.) Plaintiff notes that Defendant Lynch did not provide an affidavit from

---

[1] Barbara A. McManus is a Senior Paralegal for Rutgers, who accessed Rutgers' employee database and determined that Darlene Nichols was never an employee of Rutgers.

3

Darlene Nichols stating that she was not authorized to accept service. (ECF No. 39 at 2.) Plaintiff argues Defendant Lynch has not provided sufficient evidence to set aside entry of default. (*Id.* at 3-4).

**D. Legal standard**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the Clerk has entered default, a district court may grant default judgment. Fed. R. Civ. P. 55(b)(2). A district court may also, for good cause, set aside an entry of default. Fed. Rule Civ. P. 55(c). "[I]f a default judgment had been entered when there had not been proper service, the judgment is, *a fortiori*, void, and should be vacated." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)).

**E.     Service under Federal Rule of Civil Procedure 4(e)**

Federal Rule of Civil Procedure 4(e) governs service on an individual and provides, in pertinent part, that service is made by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[;]" or (2) by "delivering a copy of the summons and of the complaint to the individual personally[;]" or (leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[;]" or (4) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(l), (2)(A)(B),(C). N.J. Court Rule 4:4-4(a)(l) governs service in New Jersey and provides, in pertinent part, that service on an individual must be made by "delivering a copy of the

summons and complaint to the individual personally," or by "delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf."

**F.     Analysis**

Defendant Lynch has offered his sworn statement that Darlene Nichols is not authorized by appointment or by law to accept service on his behalf, and Plaintiff has not offered any evidence to the contrary. Defendant Lynch has not otherwise been properly served under Rule 4(e) with the summons and second amended complaint. Therefore, this Court must vacate default and deny Plaintiff's motion for default judgment. *See e.g.*, *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 493 (3d Cir. 1993) (holding entry of default cannot stand where the defendants were not properly served). Defendant Lynch has agreed to waive service of process, and seeks an extension of time to file an answer or otherwise respond to the second amended complaint. This Court will grant that request.

## III. CONCLUSION

For the reasons stated above, this Court will deny Plaintiff's motion for default judgment and grant Defendant Lynch's cross motion to vacate default and for an extension of time to answer, move, or otherwise plead.

An appropriate Order follows.

**Dated:  June 24, 2022**

_____
Hon. Susan D. Wigenton,
United States District Judge