UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROB ABDUL-AZIZ,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS O. HICKS et al.,<br><br>Defendants. | Civil Action No. 20-10265 (SDW-AME)<br><br>REDACTED<br><br>OPINION AND ORDER |

This matter comes before the Court on *pro se* Plaintiff Sharob Abdul-Aziz's "Motion for Temporary Restraining Order and Preliminary Injunction Per Fed. R. Civ. P. Rule 65(a)" ("Mot. for TRO and P.I.") (ECF No. 70), Defendant New Jersey Department of Corrections ("NJDOC") brief in opposition to Plaintiff's Mot. for TRO and P.I. (William C. Booth, Deputy Attorney General, appearing on the brief) (ECF No. 77); Defendant Barrington Lynch M.D.'s brief in opposition to Plaintiff's Motion For TRO and P.I. (Nicholas F. Pellitta, Esq., appearing on the brief) (ECF No. 78); and Plaintiff's "Reply Response for TRO Motion." (ECF No. 79). Pursuant to Federal Rule of Civil Procedure 78(b), this Court will determine Plaintiff's motion on the briefs without a hearing.

**I.  Procedural History**

On August 10, 2020, Plaintiff, a prisoner incarcerated in East Jersey State Prison ("EJSP") initiated this action by filing a *pro se* prisoner civil rights complaint, followed by an amended complaint on October 5, 2020 (ECF No. 7), and a second amended complaint on February 19, 2021. (ECF No. 11). On January 5, 2022, this Court granted and in part and denied in part the State Defendants' motion to dismiss (ECF Nos. 27, 28). On November 22, 2023, the Honorable Andre M. Espinosa, United States Magistrate Judge, granted in part and denied in part Plaintiff's

1

motion to amend the complaint, although Plaintiff has not yet filed his third amended complaint. (ECF No. 70).  Thus, the operative pleading is the second amended complaint (ECF No. 11), where Plaintiff alleged an Eighth Amendment claim for deliberate indifference to his medical needs against three John Doe Defendants and Defendant Barrington Lynch, M.D. ("Dr. Lynch"), and claims under Title II of the Americans with Disabilities Act against NJDOC.  (ECF No. 12).

In the meantime, on September 26, 2023, Plaintiff filed a motion for a TRO and P.I., seeking medical treatment, nonstandard NJDOC medical transportation for neurosurgery and urological consultations, and restoration of Plaintiff's single cell medical housing status.  (ECF No. 70).  NJDOC and Dr. Lynch oppose relief, arguing that:  1) Plaintiff is not eligible for wheelchair accessible medical transportation, 2) Plaintiff has refused medical appointments based on his disagreement with transport in the standard NJDOC van, and 3) because there is no evidence NJDOC will alter Plaintiff's housing assignment.  (ECF Nos. 77, 78).

## II.     DISCUSSION

### A.     Defendants Improperly Named for Injunctive Relief

NJDOC directs this Court to Plaintiff's request for injunctive relief against Commissioner Victoria Kuhn, who is not a party to this action, and former Commissioner Marcus Hicks, who was dismissed from this action.  (*See* Order, ECF No. 12).  "A non-party cannot be bound by the terms of an injunction unless the non-party is found to be 'in active concert or participation' with the party against whom injunctive relief is sought."  *Elliott v. Kiesewetter*, 98 F.3d 47, 56 n.5 (3d Cir. 1996).  Plaintiff has not alleged facts indicating Victoria Kuhn or Marcus Hicks actively participated in denying him the medical accommodations and medical treatment he requested.  Therefore, they are not proper parties to Plaintiff's request for injunctive relief.

B.     **Standard of Law**

Preliminary injunctive relief may be granted only when the moving party shows "(1) a likelihood of success on the merits; (2) that [the movant] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Doe by & through Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518, 526 (3d Cir. 2018) (citations omitted). A plaintiff who seeks a mandatory injunction, as opposed to maintaining the status quo, "'bears a particularly heavy burden.'" *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (quoting *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980)). "[T]he moving party's 'right to relief must be indisputably clear.'" *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320 (3d Cir. 2020) (quoting *Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972) (quoting *Trinity Indus., Inc. v. Chicago Bridge & Iron Co.*, 735 F.3d 131, 139 (3d Cir. 2013)). If a plaintiff does not meet the first two "gateway" factors—that the plaintiff is likely to win on the merits, and is more likely than not to suffer irreparable harm absent relief—the court need not consider the remaining two factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017). Unless the motion for a preliminary injunction turns on a disputed factual issue, an evidentiary hearing is not ordinarily required. *Arrowpoint Cap. Corp.*, 793 F.3d at 324 (citing *Kos Pharmaceuticals Inc.*, 369 F.3d 700, 719 n. 16 (3d Cir. 2004)).

C.     **Evidence Offered by Plaintiff in Support of Preliminary Injunctive Relief**

Plaintiff provides the following description of his case:

> This is a civil rights action brought under 42 [U.S.C. §] 1983 by a State Prisoner who has had prior Medical Issues, Surgeries, and is currently having Medical Bouts with his medical conditions and was subsequently injured in a DOC Regular Transportation Van, though he was deemed "Medical Transport Only", Plaintiff is presently being denied appropriate medical care. The Plaintiff

3

> seeks a Temporary Restraining Order and a Preliminary Injunction
> to ensure that he receives proper medical care.

(ECF No. 70 at 1). Plaintiff alleges the following "Statement of Facts." (ECF No. 70 at 1-2). Plaintiff has long-standing medical issues that resulted in five corrective surgeries. His medical problems are recurring and getting worse. He was scheduled on several occasions to see a specialist and have scans performed outside EJSP. On those occasions, only standard transportation was provided, although Plaintiff had been approved for medical transportation. Therefore, Plaintiff declined transport to his medical appointments. Defendants "now see fit to STRIP Plaintiff of his SINGLE CELL Medical Status" despite Plaintiff's need for medical equipment, his frequent bouts of excessive bathroom use, pain in his flank, back, neck, bladder, kidney, numbness in his right leg, which frequently gives out, all of which limit his ability to walk, sit, stand, lift and sleep.

Plaintiff alleges the denial of medical care for his known serious medical needs and Defendants failure to make necessary transportation and housing accommodations are dangerous to Plaintiff's future health. Specifically, Plaintiff alleges he is in danger of organ failure, cancer diagnosis, and/or partial paralysis. (*Id.* at 3). Plaintiff asserts there is no hardship on Defendants to provide him with medical transportation or to maintain his current housing status. In support of his request for injunctive relief, Plaintiff offers the following evidence:

> Exhibit A, filed under seal (ECF No. 71). In summary, the documents in Exhibit A show the following:





Exhibit, Doc. No. 1:[1] an undated transportation log bearing Plaintiff's name under two entries (ECF No. 70-1 at 1);

Exhibit, Doc. No. 2: Declaration of Nelson Gonzalez, dated March 10, 2023, signed under penalty of perjury. Mr. Gonzalez states, in relevant part, that on April 7, 2019, he was scheduled for return transportation from St. Francis Medical Center to EJSP with fellow inmate Sharob Abdul-Aziz. A debate arose over whether Plaintiff had medical transportation status, but Gonzalez and Abdul-Aziz were nonetheless placed in the "Dog Cage Transport Van." When the van slammed on its brakes, Gonzalez went flying, hit his head multiple times, and landed on Plaintiff. The van returned to St. Francis Medical Center. Both inmates were injured but neither were treated at St. Francis. Gonzalez and Abdul-Aziz were transferred to a different van, and they waited two hours before returning to EJSP (ECF No. 70-1 at 2);

Exhibit, Doc. No. 4: A grievance form dated November 29, 2019, from Plaintiff to the EJSP Medical Department, responded to by Colleen Courter. Plaintiff

---

[1] Plaintiff's unsealed exhibits at ECF No. 70-1 are labeled Exhibit Doc. No. 1, 2, 4, 5, 8 and 9.

wrote that on November 26, 2019, he was scheduled for transportation to Back & Spine Clinic for evaluation of his lower back pain, and pain and numbness in his right calf. Plaintiff refused transportation via the "Dog Cage Van" because it contributed to his pain and suffering. Ms. Courter responded that Plaintiff's scheduled medical evaluations were important, but he was not prescribed wheelchair transportation by a medical provider (ECF No. 70-1 at 3);

Exhibit, Doc. No. 5: "Inmate Placement Comm" dated November 17, 2021, which states: "Approved" "PER: MEDICAL START DATE 10/21/21 MAY USE KNEE BRACE FOR AMBULATORY SUPPORT FOR ONLY 180 DAYS" (ECF 70-1 at 4);

Exhibit, Doc. No. 8: An inmate grievance form submitted by Plaintiff to "Central Offices" on December 7, 2022, stating Plaintiff refused transportation via a "Dog Cage Transport Van" to see an outside medical provider for a CAT scan, because he was suffering severe back, neck and left flank pain. Plaintiff complained of not having received the results of medical testing performed on November 7. He further stated that, for known medical reasons, he cannot ride in the "Dog Cage Van." In response, Plaintiff was directed to file his grievance at the institutional level. (ECF No. 70-1 at 5);

Exhibit, Doc. No. 9: A redacted Inmate Management Progress Notes Report for Plaintiff dated September 25, 2023. (ECF No. 70-1 at 6). Plaintiff points to an entry on August 28, 2023 "3/17/2015 – IPC – LOWER BUNK ONLY PERMANENT; 5/12/2015 – IPC- Per: Medical Dept. I/M SINGLE CELL 90 DAYS DUE TO HIS MED CONDITION" (ECF No. 71 at 38).

    **D.**    **Opposition to Preliminary Injunction by Defendant NJDOC**

NJDOC contends that Plaintiff is not entitled to injunctive relief on his claim for a wheelchair-accessible van for transportation to medical appointments because he is not medically qualified. (ECF No. 77 at 3). NJDOC submitted the Declaration of Edward Haas, Esq. M.S.W., who is the Americans with Disabilities Act Coordinator for NJDOC, Central Office. (ECF No. 77-1). Mr. Haas declares that "[a]s NJDOC's contracted clinical medical provider, UCHC [Rutgers University Correctional Health Care] is responsible for determining whether or not an incarcerated person requires wheelchair accessible transportation to any medical appointments." (ECF No. 77-1, ¶ 9). NJDOC has only a small number of vans equipped to carry individuals who can only move with the use of a wheelchair. (*Id.*, ¶ 10). Due

6

to the small number of available vans, NJDOC reserves their use for individuals who require a wheelchair due to their medical condition. (*Id.*, ¶ 11).

In opposition to Plaintiff's claim for injunctive relief requiring Defendants to maintain his medical housing assignment to a single cell, Mr. Haas declares that NJDOC relies on UCHC to determine whether an inmate requires medical restrictions for his cell assignment. (*Id.*, § 12). Except when Plaintiff was hospitalized in EJSP's hospital facility or an outside medical facility, Plaintiff has had only one housing assignment, EJSP-4 DOWN-1 TIER-BED-02, from May 2015 to present. (*Id.*, ¶¶ 13-16). As of October 19, 2023, EJSP had no plans to change Plaintiff's housing assignment. (*Id.*, ¶ 17). Thus, NJDOC argues that Plaintiff cannot show any immediate threat of irreparable harm. (ECF No. 77 at 3).

Furthermore, NJDOC asserts that Plaintiff's delay in seeking injunctive relief for medical transport to his appointments in November 2019, and December 2022, weigh against a finding of irreparable harm. (*Id.* at 3-4). Finally, NJDOC urges this Court to decline Plaintiff's motion for preliminary injunctive relief because matters of prison administration, such as housing and transport, are particularly ill-suited for judicial intervention by means of injunctive relief. (*Id.* at 4, citing *e.g.*, *Wesley v. Sec'y Pennsylvania Dep't of Corr.*, 569 F.App'x 123, 125 (3d Cir. 2014) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.1995)); *Macchione v. Coordinator Adm'r in Washington, D.C.*, 591 F. App'x 48, 50 (3d Cir. 2014) (same); *Steedley v. McBride*, 530 F. App'x 101, 103 (3d Cir. 2013) (same); *Thorn v. Smith*, 207 F.App'x 240, 241 (3d Cir. 2006) (same)).

### E. Opposition to Preliminary Injunction by Dr. Lynch

Dr. Lynch contends that Plaintiff cannot show a likelihood of success on the merits of his Eighth Amendment medical care claim because neither mere disagreement with medical treatment

nor medical negligence suffices to establish deliberate indifference. (ECF No. 78 at 8, citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)). There is a presumption that "[a]s long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights." (*Id.*, citing *Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Dr. Lynch argues there is no medical determination in the record showing Plaintiff required transportation in a medical van. (*Id.* at 9). Moreover, Plaintiff has not submitted any evidence that Dr. Lynch affirmatively denied Plaintiff's requests for medical transport. Even if Dr. Lynch had denied Plaintiff's requests for transport in a medical van, Plaintiff alleges nothing more than his disagreement with Dr. Lynch's professional medical judgment. (*Id.* at 9-10). Finally, concerning Plaintiff's request for immediate medical treatment, Dr. Lynch notes that Plaintiff's medical appointments with specialists were scheduled, but Plaintiff refused transportation in a standard van. Because Plaintiff refused treatment, he cannot establish the likelihood of success on his Eighth Amendment claim of deliberate indifference to his serious medical needs. (*Id.* at 12). Dr. Lynch further contends Plaintiff has not provided any evidence that he has a medical necessity for a single cell, or that injunctive relief against Dr. Lynch is appropriate because he revoked Plaintiff's single cell status. (*Id.* at 12-13).

    **F.**    **Plaintiff's Reply Brief**

In his reply brief, Plaintiff contends that when he refused transportation in the "Dog Cage Transport Van," medical staff accused him of not being sick. Plaintiff alleges that medical staff only berate him about his refusal to use the transportation provided, and do not listen to his medical concerns. Plaintiff asserts that Defendants have not explained why only regular transport is

8

offered, when he had been approved for medical transport. Plaintiff alleges he is suffering post-traumatic stress as a result of Defendants' actions.

### G. Analysis

To meet the heavy burden for a mandatory injunction, Plaintiff must present indisputably clear evidence that he is likely to succeed on the merits of his claims. The elements of an ADA claim are that the plaintiff is "a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019). Here, the program, service or activity Plaintiff alleges he was denied by reason of his disability are medical consultations with specialists outside the prison. The only evidence supporting Plaintiff's medical need for transportation in an NJDOC wheelchair accessible van is a medical record, ███████████████████████████████████████████████████████

███████████████ There is no indication that Plaintiff was medically determined to require transport in a medical van ████████████████████████████████. It is not obvious to a lay person that Plaintiff's medical conditions required his transport in a wheelchair accessible van to avoid irreparable harm. Thus, Plaintiff has not submitted indisputably clear evidence that he was denied outside medical consultations by reason of his disability. Instead, the evidence suggests that Plaintiff refused transportation because he disagrees with professional medical judgment.

The only evidence submitted by Plaintiff to show he was denied medically prescribed single cell housing status is ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████ However, Plaintiff has not shown irreparable harm will occur without a

9

preliminary injunction because he has not submitted any evidence that NJDOC intends to change his present housing assignment in a single cell or how sharing a cell would result in irreparable harm.

Plaintiff also seeks a mandatory injunction for his Eighth Amendment claims against Dr. Lynch. Deliberate indifference to a serious medical need may be shown "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care'" or where "[s]hort of absolute denial ... 'necessary medical treatment [i]s ... delayed for non-medical reasons,'" or where "'prison authorities prevent an inmate from receiving recommended treatment.'" *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (quoting *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted in original)). Evidence submitted by Plaintiff establishes only that he disagrees with the medical determination that he does not require a wheelchair-accessible transport van or permanent medical housing in a single cell. In fact, the evidence does not establish that Dr. Lynch was responsible for the contested medical decisions. Moreover, the evidence shows Plaintiff was not denied outside medical consultations, he was scheduled for medical appointments and refused the transportation that was offered to him. Therefore, Plaintiff has not established that he is entitled to preliminary injunctive relief on his Eighth Amendment claims. *See*, *e.g.*, *Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) (finding the plaintiff was not entitled to preliminary injunctive relief where he disagreed with the medical judgment of a professional).

**IT IS** on this **21st day of December 2023**,

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction Per Fed. R. Civ. P. Rule 65(a)" (ECF No. 70) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall maintain the Opinion and Order under seal and file the Redacted Opinion and Order on CM/ECF; and it is further

**ORDERED** that the Clerk shall serve an unredacted copy of this Opinion and Order upon Plaintiff by regular U.S. mail, and on Defendants electronically.

_____
Hon. Susan D. Wigenton,
United States District Judge