UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>**André M. Espinosa**<br>United States Magistrate Judge | Martin Luther King Jr. Federal<br>Bldg. & U.S. Courthouse<br>50 Walnut Street, Room 2037<br>Newark, NJ 07102<br>(973) 645-3827 |

November 19, 2024

To:    Sharob Abdul-Aziz, Pro Se
#6959225/264368
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

All counsel of record

**LETTER OPINION AND ORDER**

RE:    **Sharob Abdul-Aziz v. Hicks, et al.**
**Civil Action No. 20-10265 (SDW)(AME)**

Dear Litigants:

    The Court is in receipt of the letter from Plaintiff Sharob Abdul-Aziz ("Plaintiff") requesting an Order compelling Defendants Justin Kemps and Thomas Meades ("Defendants") to provide more responsive answers to his Requests for Admissions. [*See* D.E. 120]. The Court is also in receipt of the November 12, 2024 letter filed by Defendants, requesting an order to depose Plaintiff and a 60-day extension of the fact discovery deadline from November 7, 2024, to January 6, 2025, to complete that deposition and to undertake any other discovery that may be appropriate. [*See* D.E. 119].

    Before Plaintiff may move to compel more responsive answers to any discovery demands, and before this Court will consider any discovery disputes, however, Plaintiff must first engage Defendants directly via letter to facilitate a meet-and-confer process. [*See* Civil Case Management Order for Magistrate Judge André M. Espinosa, paragraph 10]. During this meet-and-confer process, the parties must confer in good faith to resolve the discovery dispute at issue. Only if the discovery dispute is still not resolved after the meet-and-confer process may the parties file a joint dispute letter, detailing each parties' position respecting the discovery dispute. [*See id.*; Local Civ. R. 16.1(l) ("Counsel shall confer to resolve any case management dispute. Any such dispute not

resolved shall be presented by telephone conference call or letter to the Judge. This presentation shall precede any formal motion.")].

It does not appear from the current record that Plaintiff engaged Defendants directly to meet and confer about Defendants' allegedly defective answers to his Requests for Admissions before filing the pending motion. Therefore, the motion at D.E. 120 is **DENIED** without prejudice as premature and filed in violation of this Court's Civil Case Management Order.

Accordingly, it is hereby **ORDERED** that Plaintiff shall write to Defendants and specify which of their discovery responses are lacking, in his view, and why he believes each such response is deficient. It is further **ORDERED** that, upon receipt of Plaintiff's requests for more responsive answers, Defendants shall respond with dispatch. The parties shall engage in this meet-and-confer process in good faith. If that meet and confer effort does not resolve this impasse, Plaintiff may re-file a letter, no more than four pages long, with a detailed explanation for the relief sought. One week after any such letter from Plaintiff, Defendants shall file a response no more than four pages, at 1.5 line spacing.

It is further **ORDERED** that Defendants' request to depose Plaintiff and to extend the fact discovery deadline by 60 days is **GRANTED** [D.E. 119]. The fact discovery deadline is extended to **January 6, 2025**. The Court will enter a separate Order concerning Plaintiff's deposition.

The Clerk of Court is directed to terminate the motion at D.E. 120.

**IT IS SO ORDERED.**

  */s/ André M. Espinosa*  
  ANDRÉ M. ESPINOSA  
  UNITED STATES MAGISTRATE JUDGE