UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of  
André M. Espinosa  
United States Magistrate Judge

Martin Luther King Jr. Federal Bldg. & U.S. Courthouse  
50 Walnut Street, Room 2037  
Newark, NJ 07102  
(973) 645-3827

August 28, 2025

To: Sharob Abdul-Aziz, Pro Se  
#264368-695922b  
Northern State Prison  
168 Frontage Road  
Newark, NJ 07114

All counsel of record

**LETTER OPINION AND ORDER**

RE: **Sharob Abdul-Aziz v. Hicks, *et al*.**  
**Civil Action No. 20-10265 (SDW)(AME)**

Dear Litigants:

The Court has received and reviewed the letter dated March 28, 2025, filed by Plaintiff Sharob Abdul-Aziz ("Plaintiff"), containing documents entitled "Motion for Disclosures Per 28 U.S.C. § 455 & ABA Code, Section § 3(E), Issued to: U.S. District Judge Susan D. Wigenton" and "Motion for Disclosures Per 28 U.S.C. § 455 & ABA Code, Section § 3(E), Issued to: U.S. Magistrate Judge Andre M. Espinosa". [*See* D.E. 128]. Plaintiff recites subsection (a) of 28 U.S.C. § 455 and, under a heading titled "ABA Code Section § 3(E)," provides "a Judge is REQUIRED to disclose on the record information that the Judge believes the parties or their Lawyers might consider relevant to the question of disqualification . . ." [*Id.*]. Plaintiff also requests "disclosures" from certain persons at the "New Jersey Department of Corrections"; "Law Firm: Riker Danzig, LLP"; "Law Firm: Norris McLaughlin, P.A."; and "Rutgers, State University of New Jersey." [*Id.*].

The Court also has also reviewed the June 5, 2025 letter in opposition filed by Defendants the New Jersey Department of Corrections, Justin Kemps, and Thomas Meades. [D.E. 147]. Defendants assert that Plaintiff does not clearly state the relief he seeks, but that, in any event, there is no basis for disqualification under either 28 U.S.C. § 455 or ABA Code, Section § 3(E). Defendants also argue there is no legal or factual basis for Plaintiff's request for information pertaining to executives and employees of the DOC; the lawyers, clerks, and interns at the law firms specified; or the persons affiliated with Defendant Rutgers, The State University of New

1

Jersey. Defendants provide that this information is overbroad and unduly burdensome under Federal Rule of Civil Procedure 26(b). Defendant Barrington Lynch, M.D. also filed a June 5, 2025 letter, joining in the opposition filed by the New Jersey Department of Corrections, Justin Kemps, and Thomas Meades. [D.E. 148].

The Court agrees with Defendants that it is unclear whether Plaintiff requests recusal of both the District Judge and the Magistrate Judge or merely requests the disclosures Plaintiff specifies. Mindful that "[c]ourts liberally construe documents filed by pro se plaintiffs," and hold those "filings to less stringent standards than those drafted by attorneys." *Wallwork v. Horizon Blue Cross*, No. 16-7095, 2017 WL 3208350, at *2 (D.N.J. July 27, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), the Court construes Plaintiff's letter as motions for recusal pursuant to 28 U.S.C. § 455.

As an initial matter, Plaintiff's motions must be denied for failure to comply with this Court's Civil Case Management Order.[1] Specifically, Section 4 of that Order provides that "[o]ther than motions filed under Federal Rule of Civil Procedure 12, motions to remand within the time provided by 28 U.S.C. § 1447(c), and motions expressly permitted by this Case Management Order, formal motions shall not be filed without prior leave from this Court." Plaintiff did not seek leave to files these motions and they must be denied for that failure to comply with required procedure.

In any event, even if Plaintiff were granted leave to file these motions, insofar as Plaintiff seeks recusal of the Magistrate Judge assigned to this action, his request must be denied on the merits.[2] Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides that such judge "shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Recusal is required 'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his or her interest or bias in a case." *Foster v. Holiday Hosp. Franchising, LLC*, No. 24-10031, 2025 WL 2267978, at *5 (D.N.J. Aug. 8, 2025) (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988), and *In re Kensington Intern. Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004)). "In making this determination, courts must consider how the facts would appear to a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Foster*, 2025 WL 2267978, at *5 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). "A recusal motion must be based on objective facts, not mere possibilities and unsubstantiated allegations." *Foster*, 2025 WL 2267978, at *5 (quoting *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008)) (internal quotations omitted).

Here, Plaintiff's request for recusal by the Magistrate Judge must be denied under both subsections (a) and (b) of 28 U.S.C. § 455. Plaintiff appears to assert "[a] Judge's recusal is

---

[1] *See* https://www.njd.uscourts.gov/sites/njd/files/JudgeEspinosa_CIvil_Case_Mgmt_Order_Final%204-26-21.pdf, and hereby attached as Exhibit A.
[2] This Court's denial of Plaintiff's recusal motion concerning the District Judge is based on his procedural failure only and is without prejudice. While Plaintiff offers no substantive basis for the District Judge to recuse, this Court must defer to the District Court's merits evaluation here or in any properly filed motion.

required due to: 'Employment Interest', 'Personal Relationship's', 'Financial Interest', 'Judge's Relatives', 'LAW CLERKS" and/or "Judge's Prior Affiliations'." However, Plaintiff provides no facts, evidence, or arguments that could serve as a basis for recusal under this statute, nor can the Court think of any facts, evidence, or arguments that would support any assertion that the Magistrate Judge would be impartial, have "personal knowledge of disputed evidentiary facts concerning the proceeding," or have a "personal bias or prejudice" concerning any party.

Furthermore, the Court finds Plaintiff's reference to "ABA Code, Section § 3(E)" to be unclear. Defendants point out that "Canon 3 of the ABA's Model Code of Judicial Conduct" provides, "A judge shall conduct the judge's personal and extrajudicial activities to minimize the risk of conflict with the obligations of judicial office." [D.E. 147]. Even if "ABA Code, Section § 3(E)" were a basis for recusal, for the same reasons Plaintiff's motion is denied under 28 U.S.C. § 455, any request for recusal under "ABA Code, Section § 3(E)" must also be denied. Plaintiff has provided no evidence to support his assertion of a conflict with any parties in this matter that would merit recusal, nor can this Court think of any.

Finally, Plaintiff's requests for "disclosures" from employees or persons associated with the New Jersey Department of Corrections, Riker Danzig, LLP, Norris McLaughlin, PA, and Rutgers, State University of New Jersey are denied. The authority Plaintiff appears to cite for these requests—28 U.S.C. § 455 and "ABA Code, Section § 3"—do not provide a basis for such relief. Construing Plaintiff's requests liberally, the Court also finds no basis to reopen fact discovery or to compel these parties to provide such information under Federal Rule of Civil Procedure 26. Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court concludes the information Plaintiff requests is neither relevant nor proportional to the needs of this case.

For the foregoing reasons and for good cause shown, it is **ORDERED** that Plaintiff's motions to recuse U.S. District Judge Susan D. Wigenton and U.S. Magistrate Judge André M. Espinosa and his requests for "disclosures" from certain persons at the "New Jersey Department of Corrections"; "Law Firm: Riker Danzig, LLP"; "Law Firm: Norris McLaughlin, P.A."; and "Rutgers, State University of New Jersey" at D.E. 128 are **DENIED**.

The Clerk of Court shall deliver a copy of this Order to Plaintiff at his address of record.

**IT IS SO ORDERED.**

                                        */s/ André M. Espinosa*
                                        ANDRÉ M. ESPINOSA
                                        UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
ANDRÉ M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING JR. COURTHOUSE
50 WALNUT STREET
ROOM 2037, COURTROOM 2D
NEWARK, NJ 07102
973.645.3827

## CIVIL CASE MANAGEMENT ORDER

The following shall apply to civil matters assigned to Magistrate Judge André M. Espinosa. Failure to comply with the terms of this Order may result in sanctions pursuant to the Federal Rules of Civil Procedure 16(f) and 37.

**1.    Communications with the Court**. All communications to the Court shall be in writing via CM/ECF. Telephone calls to chambers will be permitted as to administrative matters only or as otherwise directed by the Court. Mail, email, and fax communications will not be accepted or considered unless expressly authorized by the Court.

**2.    Adjournments.** Conferences are scheduled with ample notice to the parties. Adjournment requests must be made no later than five business days before the scheduled conference.

**3.    Extensions.** Extensions of time as provided in court-ordered schedules must be requested in writing at least five business days prior to the expiration of deadlines. The request shall indicate the current and proposed dates and include a proposed form of order. Counsel should endeavor to seek the consent of all parties prior to making such requests and must note in the request whether consent has been obtained. Thereafter, no extensions of any conference date will be granted except upon a showing unforeseen, emergent circumstances and by leave of Court, even if there is consent of all counsel. All conferences will proceed as scheduled on CM/ECF unless the Court expressly provides to the contrary.

**4.    Formal motions.** Other than motions filed under Federal Rule of Civil Procedure 12, motions to remand within the time provided by 28 U.S.C. § 1447(c), and motions expressly permitted by this Case Management Order, formal motions shall not be filed without prior leave from this Court.

**5.    Motions to amend.** Pursuant to Local Civil Rule 15.1, motions to amend pleadings must include as an exhibit a black- or red-lined proposed amended complaint, which clearly indicates the proposed changes. Failure to do so will result in administrative termination of the motion.

**6.     Motions to seal.** Motions to seal must comply with Local Civil Rule 5.3(c) and must include a proposed order and proposed findings of fact and conclusions of law. Failure to comply with Local Civil Rule 5.3(c) will result in administrative termination of the motion. Counsel shall make every effort to secure the consent of opposing counsel regarding the request to seal.

**7.     Confidentiality orders.** The parties are encouraged to use the form discovery confidentiality order found at Appendix S of the Local Rules. If the parties submit their own version of a confidentiality order, which differs from Appendix S, they must submit: (1) a clean version of the proposed order that is ready for signature, and (2) an additional version that shall indicate in what respect(s) it differs from Appendix S by bracketing or striking through materials to be deleted and underlining materials to be added.

**8.     Confidential submissions.** Settlement letters and discovery dispute letters containing information subject to a Discovery Confidentiality Order may be submitted to the Court by email to AME_orders@njd.uscourts.gov.

**9.     *Pro hac vice* applications:** If admission *pro hac vice* is sought on consent, the request should be made by informal application filed on CM/ECF. The application must contain a letter indicating consent, a certification of admission and good standing, and a certification of local counsel stating that counsel shall comply with Local Civil Rule 101.1(c). A proposed form of order must be submitted. If not consented, the party making the application must proceed by motion.

**10.    Discovery extensions, disputes, and motions.** Any request for an extension or an amended scheduling order shall indicate the current and proposed dates as well as whether the request is made on consent. Any such request shall include a proposed order.

Discovery disputes shall proceed in accordance with Local Rules 16.1 and 37.1. Should counsel fail in their good faith efforts to resolve the dispute by conferring pursuant to Rule 37.1, the matter shall be brought to the Court's attention via a joint letter, not to exceed five pages, that sets forth:

> a) the request;
>
> b) the response;
>
> c) efforts to resolve the dispute;
>
> d) the position of the complaining party;
>
> e) the position of the responding party; and, if applicable,
>
> f) the efforts of a party to contact a non-responsive party to meet and confer and submit the joint letter.

No further letter submissions regarding the dispute may be submitted without leave of Court.

Discovery motions may be filed only upon leave of Court and only after the parties have proceeded in accordance with Local Rules 16.1 and 37.1.

Motions to secure enforcement of a subpoena or to quash a subpoena involving third parties may be made without meeting and conferring, but counsel must obtain leave of Court before filing any such motion.

11. **Courtesy copies.** One courtesy copy of all submissions exceeding 20 pages shall be sent by regular mail or other courier addressed to chambers.

12. **Settlement conferences.** Trial counsel as well as persons with full settlement authority must appear at settlement conferences. Each party shall submit, by email to AME_orders@njd.uscourts.gov, a confidential settlement memorandum of no more than five double-spaced pages no later than five business days before the conference. If trial counsel and clients do not comply with this Order, the settlement conference may be canceled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

13. **Final pretrial conferences.** The Court conducts final pretrial conferences pursuant to Rule 16(d). The parties shall contact Chambers for a model version of the joint final pretrial order applicable to the District Judge assigned to the matter. The Court expects to engage in meaningful settlement discussions at final pretrial conferences. Therefore, trial counsel as well as persons with full settlement authority must attend the conferences. The Final Pretrial Conference will proceed even if there are dispositive motions pending.

The parties shall submit, by email and regular mail, a copy of the joint proposed final pretrial order no later than five business days before the conference.

If the parties do not comply with this Order, the final pretrial conference may be canceled or rescheduled and the attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

      */s/ André M. Espinosa*
**ANDRÉ M. ESPINOSA**
**UNITED STATES MAGISTRATE JUDGE**