UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROB ABDUL-AZIZ, | Civil Action No. 20-10265 (SDW-AME) |
| Plaintiff, | |
| v. | OPINION |
| BARRINGTON LYNCH, et al., | |
| Defendants. | |

**WIGENTON**, District Judge:

Presently before this Court is the motion for summary judgment filed by Defendant Barrington Lynch ("Motion"). *Pro se* Plaintiff Sharob Abdul-Aziz opposes the Motion. (ECF No. 142).

This Court will determine the motions on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, the Motion will be granted.

**I. FACTS AND PROCEDURAL HISTORY**

    **A.    Undisputed Facts[1]**

Plaintiff is a convicted and sentenced prisoner presently confined in East Jersey State Prison ("EJSP"). (Defendant's Statement of Undisputed Material Facts ("DSOF"), ECF No. 133-

---

[1] Plaintiff's opposition did not include "a responsive statement of material facts, addressing each paragraph of the movant's statement" required by Local Civil Rule 56.1(a). (*See* ECF No. 142 at 6-8). His Statement of Disputed Facts are primarily legal conclusions. (*Id.*) Therefore, this Court considers Lynch's statements of material facts to be "undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1(a).

1 ¶ 1).  Defendant Lynch is employed by Rutgers, the State University of New Jersey as a doctor in EJSP.  (*Id.* ¶ 2).

Plaintiff was in a motor vehicle accident on August 7, 2019.  (*Id.* ¶ 5).  He was being transported back to EJSP in a New Jersey Department of Corrections ("DOC") van after a cystoscopy at Saint Francis Medical Center ("Saint Francis").  (*Id.*)  Plaintiff asserts he was being transported in a standard DOC van instead of a wheelchair-accessible van and that his lower back was injured because of the accident.  (*Id.* ¶¶ 6-7).

Lynch treated Plaintiff on August 8, 2019.  (*Id.* ¶ 8).  He prescribed muscle relaxants and other medication to Plaintiff.  (*Id.*)  He reexamined Plaintiff on August 26, 2019 and ordered an MRI and medical consultation.  (*Id.* ¶ 9).  A consent form for a visit to Saint Francis Spine and Back Clinic ("Clinic") was signed on October 17, 2019.  (*Id.* ¶ 10).  Plaintiff refused the Clinic trip on November 26, 2019 because he disagreed with the mode of transportation, non-wheelchair accessible van.  (*Id.* ¶¶ 11-12).  He asserted that "he was 'certain those (dog cage) transport vans do in fact contribute to my injury … .'"  (*Id.* ¶ 13).  Lynch told Plaintiff that he was not assigned to a wheelchair-accessible van due to "rules and regulations."  (*Id.* ¶ 14).

Grace Amistico,[2] an advanced nurse practitioner at EJSP, assessed Plaintiff on December 6, 2019 and concluded that he "was in 'no acute distress' with normal 'ROM and strength,' musculoskeletal."  (*Id.* ¶ 15).  Plaintiff was never required to use a wheelchair or other assistive device at his previous place of incarceration.  (*Id.* ¶ 16).  A doctor never told Plaintiff "that he was

---

[2] Amistico is not a party in this matter.

going to only ride in a wheelchair-accessible transport van or that transport in a standard van would negatively impact his medical condition(s)."  (*Id.* ¶ 18).

Plaintiff alleges that Lynch was deliberately indifferent to his medical needs because "Lynch rescinded Plaintiff's 'wheelchair/medical transport only status' and/or refused to issue new orders for Plaintiff's future trips."  (*Id.*  ¶ 3).  "Decisions regarding an inmate's medical transport are based, generally, on an inmate's medical condition and issues of accessibility."  (*Id.* ¶ 4).  There is no evidence that Lynch either decided Plaintiff's mode of transportation in August 2019 or that he refused to order a wheelchair-accessible van in November 2019.  (*Id.* ¶¶ 19-20).

**B.**     **Procedural History**

Plaintiff initiated this action on August 10, 2020 by filing a *pro se* prisoner civil rights complaint. (ECF No. 1).  On September 15, 2020, this Court screened that complaint and permitted Plaintiff's Eighth Amendment deliberate indifference medical claims under 42 U.S.C. § 1983 to proceed against three John Doe Defendants.  (ECF No. 4).  Claims against Marcus Hicks, the acting DOC Commissioner at the time; John N. Kastanis, purportedly the CEO of Rutgers Medical School; and Lynch were dismissed without prejudice.  (*Id.* at 7).

Plaintiff filed an amended complaint on October 5, 2020.  (ECF No. 7).  This Court allowed Plaintiff's Eighth Amendment claims against Lynch to proceed.  (ECF No. 8 at 5-7).  Plaintiff filed a second amended complaint on February 19, 2021.  (ECF No. 11).  He continued to raise his previously proceeded claims against the John Doe Defendants and Lynch, and attempted to raise an American with Disabilities Act ("ADA") claim against the DOC and deliberate indifference claims against Hicks and the current COO for Rutgers University Correctional Healthcare.  (*Id.*)  As it had before, this Court permitted the claims against the John Doe Defendants and Lynch to proceed.  (ECF No. 12 at 4).  It dismissed the deliberate indifference claims against Hicks and the

Rutgers COO. (*Id.*) This Court permitted Plaintiff to add an ADA claim against the DOC. (ECF No. 12 at 7).

The DOC and Hicks moved to dismiss the amended complaint on September 27, 2021. (ECF No. 22).[3] This Court granted the motion in part and denied the motion in part on January 5, 2022. (ECF Nos. 27, 28). Any remaining claims against Hicks were dismissed, but the ADA claim against the DOC was allowed to continue. (ECF No. 28).

On September 26, 2023, Plaintiff filed a motion for a temporary restraining order and preliminary injunction seeking medical treatment, nonstandard DOC medical transportation for neurosurgery and urological consultations, and restoration of his single cell medical housing status. (ECF No. 70). This Court denied that motion. (ECF No. 84).

On November 22, 2023, the Honorable Andre M. Espinosa, United States Magistrate Judge, permitted Plaintiff to file his Third Amended Complaint ("TAC"). (ECF No. 81). Plaintiff filed the TAC on December 12, 2023, adding the allegedly responsible DOC transportation officers, Justin Kemps and Thomas Meades, as defendants. (ECF No. 82).

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it "might

---

[3] Defendants did not acknowledge that the claims against Hicks had been dismissed when this Court screened the second amended complaint.

affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party has the initial burden of showing the basis for its motion and that there is no genuine dispute of material fact. *See Celotex Corp.*, 477 U.S. at 323. The moving party must cite specific materials in the record. Fed. R. Civ. P. 56(c)(1)(A). "[T]he burden on the moving party may be discharged by 'showing' … that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Anderson*, 477 U.S. at 251). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 U.S. at 323.

  **B.**  **Analysis**

Plaintiff claims in the TAC that Lynch rescinded Plaintiff's authorization to travel in wheelchair-accessible van after the accident, ignoring his serious medical needs in violation of the Eighth Amendment. (TAC ¶¶ 12, 30). "The Eighth Amendment, through its prohibition on cruel and unusual punishment, prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). "In order to sustain

5

this constitutional claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his medical needs and (2) an objective showing that those needs were serious." *Id.* (cleaned up). In other words, "to defeat the summary judgment motion, [Plaintiff] must present enough evidence to support the inference that the defendants 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" *Beers-Capitol v. Whetzel*, 256 F.3d 120, 132 (3d Cir. 2001).

Lynch argues that Plaintiff cannot satisfy his burden of proving deliberate indifference. The Third Circuit has found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (internal citations omitted). "[T]here is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Pearson*, 850 F.3d at 535 (quoting *United States ex rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). "[W]hen medical care is provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Id.*

The record before this Court unequivocally shows that Lynch provided Plaintiff with medical treatment for his accident injuries.[4] Plaintiff conceded at his deposition that Lynch evaluated Plaintiff after his injury, listening to his complaints and ordering x-rays. (ECF No. 133-5 at 3). Lynch also prescribed a muscle relaxant for Plaintiff's back pain and ordered MRI imaging. (*Id.* at 7). The MRI imaging never took place because Plaintiff refused to get into the

---

[4] Plaintiff does not allege that Lynch made the decision to have Plaintiff transported in a regular vehicle at the time of the accident. (ECF No. 133-5 at 18).

6

regular DOC vehicle, but that was Plaintiff's decision. (*Id.* at 9, 11). Plaintiff admitted that no medical professional ever restricted him to wheelchair-accessible vans. (*Id.* at 13). Plaintiff's personal opinion that he should have been so restricted is not enough to show that Lynch did not use his medical judgment when deciding that Plaintiff did not meet the standards. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."); *Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (explaining that allegations of negligent diagnosing and treatment, and mere disagreement as to proper medical treatment do not raise a constitutional claim); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Plaintiff has not submitted any evidence from which a reasonable jury could conclude that Lynch either breached a professional standard of care or was motivated by non-medical factors while treating Plaintiff. Significantly, Plaintiff testified that he was unsure who made the decision that he did not require a wheelchair-accessible van on November 26, 2019. (ECF No. 133-5 at 14-15). He admitted that his only interaction with Lynch about the transportation issue was Lynch saying there were rules while Plaintiff was signing the refusal form on November 26. (*Id.* at 16-17). "[I]n the face of motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018). Bare assertions, conclusory allegations, and suspicions are not enough. *Id.* at 288-89.

Lynch has shown that there is an absence of evidence supporting Plaintiff's case. Therefore, he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

7

### III. CONCLUSION

      For the reasons stated above, this Court will grant the Motion. Summary judgment is granted to Defendant Lynch. An appropriate order follows.

Date:   November 13  , 2025

                                           Hon. Susan D. Wigenton
                                           United States District Judge